**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**CAVENDISH FARMS OPERATIONS, INC.,**

    Plaintiff,

    v.

**PUERTO NUEVO COLD STORAGE, INC.,**

    Defendant.

Civil No. 09-1289 (GAG)

## OPINION AND ORDER

On March 30, 2009, the court entered judgment dismissing the case pursuant to the settlement agreement entered into by the parties. (Docket No. 6.) Since that time, Plaintiff has tried unsuccessfully to satisfy this judgment. Plaintiff sought, and the Clerk of Court signed, two subpoenas *duces tecum*, seeking the testimony of Hugo Cabrera Perez ("Cabrera") and Puerto Nuevo Cold Storage, Inc. ("D&C Produce"). (Docket Nos. 47-2 & 47-3.) These parties moved to quash the subpoenas (Docket No. 47) and Plaintiff opposed (Docket No. 49). The court referred the matter to Magistrate Judge Silvia Carreno-Coll, who issued a Memorandum and Order denying the motion to quash. (Docket No. 51.) Presently, Carbrera and D&C Produce seek review of Magistrate Judge Carreno-Coll's order pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(a). For the following reasons, the court **DENIES** Cabrera and D&C Produce's motion to issue a protective order and quash the subpoenas at Docket No. 54.

**I.    Discussion**

Cabrera and D&C Produce object to the Magistrate Judge's Memorandum and Order mainly due to the scope of the subpoenas, that they are not reasonably calculated to assist in collecting the judgment, D&C Produce is not a successor in interest and no federal or state law supports the subpoenas.

    **A.    Scope and Merit of the Subpoenas**

While the breadth of the subpoenas may seem broad, the information is necessary and

**Civil No. 09-1289 (GAG)**                                                      2

reasonably calculated to determine whether successor liability doctrine applies. Both the underlying Memorandum and Order and Plaintiff's memorandum cite and explain why <u>Devine & Devine Food Brokers, Inc. v. Wampler Foods, Inc.</u>, applies. 313 F.3d 616, 618 (1st Cir. 2002). These criteria require fairly sophisticated financial information. Without this informaiton, the court has no ability to evaluate Plaintiff's claim. The scope of the subpoena and the underlying information requested are reasonably calculated to ascertain whether the successor liability doctrine applies.

### B.      Whether D&C Produce is a Successor

Cabrera and D&C Produce repeat ad nauseam that they are not defendants to this action and that D&C Produce is not a successor in interest of PNCS. However, the point of the subpoenas is to ascertain whether these parties are successors in interest. Plaintiff makes sufficient allegations that, if proven, may lead to the conclusion that D&C Produce is the successor in interest of PNCS. Therefore, without this information, the court is unable to make this determination.

However, the court is mindful of the fact that these parties are not defendants and steps should be taken to ensure the discovered information remains confidential. Therefore, in affirming Magistrate Judge Carreno-Coll's order, the court additionally requires Plaintiff to sign a confidentiality agreement generally stating that any information discovered through these subpoenas will not used for any purposes outside of this litigation.

### C.      No Federal or State Law supports the Use of These Subpoenas

The final two arguments are quickly disposed of as well. First, the parties only cite untranslated case law from the Puerto Rico Supreme Court in support of the proposition that Puerto Rico law does not support these subpoenas. (<u>See</u> Docket No. 54 at 11 (citing <u>General Electric Credit and Leasing Corp. of P.R., Inc. v. Concessionaires, Inc.</u>, 118 D.P.R. 32 (1986)). The court cannot rely on untranslated materials. <u>See</u> <u>Puerto Ricans For Puerto Rico Party v. Dalmau</u>, 544 F.3d 58, 67 (1st Cir. 2008). Further, the parties do not cite any materials to support their contention that local law, rather than federal law, applies.

Federal law does support the use of subpoenas. <u>See</u> FED. R. CIV. P. 45. The only question is whether they should be used under these circumstances. The court finds the subpoenas proper under these circumstances to discern whether successor of interest doctrine applies. Additionally,

**Civil No. 09-1289 (GAG)**                3

the court believes the confidentiality provision will safeguard against any improper and impermissible disclosure of this confidential information, thereby lessening the potential risk for these parties.

## II.     Conclusion

For the reasons set forth above, the court **DENIES** Cabrera and D&C Produce's motion to quash at Docket No. 54. Magistrate Judge Carreno-Coll's order is hereby **AFFIRMED** with the only alteration being the inclusion of a confidentiality agreement. Judge Carreno-Coll shall issue any further necessary directives as to this matter.

**SO ORDERED**.

In San Juan, Puerto Rico this 16th day of October, 2013.

*S/Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States District Judge